# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**749**
**CA 13-02081**
PRESENT: SMITH, J.P., CENTRA, CARNI, AND WHALEN, JJ.

---

LONNIE GATES, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

GENE H. LONGDEN AND SEARS, ROEBUCK AND CO.,
DEFENDANTS-APPELLANTS.

---

HISCOCK & BARCLAY, LLP, SYRACUSE (ALAN R. PETERMAN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

GREENE & REID, PLLC, SYRACUSE (JAMES T. SNYDER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian
F. DeJoseph, J.), entered April 19, 2013.  The order, among other things,
denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously
modified on the law by granting the motion in part and dismissing the
complaint, as amplified by the bill of particulars, with respect to the
permanent consequential limitation of use category of serious injury
within the meaning of Insurance Law § 5102 (d) and as modified the order
is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained in a motor vehicle accident when the vehicle he
was driving was rear-ended by a vehicle operated by defendant Gene H.
Longden and owned by defendant Sears, Roebuck and Co.  According to
plaintiff's bill of particulars, plaintiff sustained a serious injury under
the significant disfigurement, permanent consequential limitation of use
and significant limitation of use categories of serious injury (*see*
Insurance Law § 5102 [d]).  Defendants moved for summary judgment
dismissing the complaint on the grounds that any injury sustained by
plaintiff was not causally related to the accident and that, in any event,
plaintiff did not sustain a serious injury, and plaintiff cross-moved
for partial summary judgment on the issues of "liability, proximate cause
and serious injury."  Defendants appeal from an order denying their motion
and granting that part of plaintiff's cross motion for partial summary
judgment on the issue of negligence.  We agree with defendants that the
court erred in denying that part of their motion with respect to one of
the three categories of serious injury allegedly sustained by plaintiff,
i.e., the permanent consequential limitation of use category, and we
therefore modify the order accordingly.

With respect to causation, defendants contend that the court abused its discretion in disregarding the opinion of their expert on the issue of injury causation and that, in view of that opinion, they established their entitlement to summary judgment dismissing the complaint because any negligence on their part was not a proximate cause of plaintiff's injuries.  Contrary to defendants' contention, the court did not abuse its " 'sound discretion' " in refusing to consider the affidavit of defendants' expert (*Baity v General Elec. Co.*, 86 AD3d 948, 952; *see generally Werner v Sun Oil Co.*, 65 NY2d 839, 840).  Defendants' biomechanical expert is an engineer, and is not a medical doctor, and thus the court properly determined that the expert did not possess "the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered [regarding injury causation] is reliable" (*Matott v Ward*, 48 NY2d 455, 459; *cf. Cardin v Christie*, 283 AD2d 978, 979).  Because the court did not consider the opinion of defendants' biomechanical expert on injury causation, we conclude that defendants failed to meet their burden of establishing that they were entitled to summary judgment dismissing the complaint on the ground that there was no injury causation (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  Defendants' further contention that the court should have conducted a *Frye* hearing with respect to the admissibility of their expert's opinion is unpreserved for our review because defendants failed to request one (*see Parker v Mobil Oil Corp.*, 16 AD3d 648, 654, *affd* 7 NY3d 434, *rearg denied* 8 NY3d 828; *see generally Matter of York v Zullich*, 89 AD3d 1447, 1448).

The court properly denied that part of defendants' motion with respect to the significant disfigurement category of serious injury.  Specifically, "the issue whether a reasonable person viewing the plaintiff's [lower back and scar] would regard the condition as unattractive, objectionable, or as the subject of pity or scorn presents an issue of fact that cannot be resolved by way of summary judgment" (*Langensiepen v Kruml*, 92 AD3d 1302, 1303 [internal quotation marks omitted]).  We further conclude that the court properly denied that part of defendants' motion with respect to the significant limitation category of serious injury.  A significant limitation of use of a body function or member does not require a showing of permanency, and "any assessment of the significance of a bodily limitation necessarily requires consideration not only of the extent or degree of the limitation, but of its duration as well" (*Lively v Fernandez*, 85 AD3d 981, 982 [internal quotation marks omitted]).  Here, defendants submitted evidence in support of their motion indicating that plaintiff missed six weeks of work following his surgery and was confined to his home with medical restrictions, thus raising an issue of fact with respect to that category (*see generally Winegrad*, 64 NY2d at 853).

We conclude, however, that the court erred in denying that part of defendants' motion with respect to the permanent consequential limitation of use category of serious injury.  Defendants met their initial burden by submitting evidence that plaintiff worked full-time since the accident, other than during the six weeks in which he was recovering from surgery.  They also established that, as of the date of plaintiff's deposition on June 22, 2012, plaintiff had no medical restrictions.  Defendants further

established that plaintiff has been able to fish, hunt and camp almost every weekend, and they submitted medical records stating that plaintiff had a moderate global loss in range of motion, but with no indication of permanency (*see Carfi v Forget*, 101 AD3d 1616, 1617-1618).  Plaintiff failed to raise an issue of fact in opposition to defeat that part of the motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), inasmuch as he failed to submit evidence of " 'a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part' " (*Matte v Hall*, 20 AD3d 898, 899, quoting *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353).  In particular, plaintiff failed to submit objective proof of his injury and a
" 'designation of a numeric percentage of [his] loss of range of motion' " (*id.*, quoting *Toure*, 98 NY2d at 350).