Ni v O'Brien (2020 NY Slip Op 00020)





Ni v O'Brien


2020 NY Slip Op 00020


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528153

[*1]Yun H. Ni, Appellant,
v
Sheilah A. O'Brien et al., Respondents.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Robert A. Becher, Albany, for appellant.
Bailey, Johnson & Peck, PC, Albany (William C. Firth of counsel), for respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Platkin, J.), entered November 27, 2018 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.
In 2015, plaintiff was rear-ended by a car driven by defendant Sheilah A. O'Brien. Plaintiff commenced this action seeking damages for his resulting injuries, which allegedly included a herniated disc and a severe lumbar sprain and strain. In his verified bill of particulars, plaintiff alleged that his injuries met the requirements of "serious injury" in accord with three of the categories established within Insurance Law § 5102 (d). Upon completion of discovery, defendants moved for summary judgment dismissing the complaint, which plaintiff opposed. Supreme Court granted defendants' motion and dismissed the complaint. Plaintiff appeals.
Plaintiff asserts that defendants failed to make a prima facie showing that his injuries were not causally related to the 2015 accident. On a motion for summary judgment in this type of action, the defendant bears "the initial 'burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident'" (Howard v Espinosa, 70 AD3d 1091, 1092 [2010], quoting Haddadnia v Seville, 29 AD3d 1211, 1211 [2006]; see generally Pommells v Perez, 4 NY3d 566, 573 [2005]). If this burden is met, the plaintiff must then provide "competent medical evidence based upon objective medical findings and tests to support his [or her] claim of serious injury and to connect the condition to the accident" (Wolff v Schweitzer, 56 AD3d 859, 861 [2008] [internal quotation marks and citation omitted]; see Vargas v Tomorrow Travel & Tour, Inc., 74 AD3d 1626, 1627 [2010]).
Defendants asserted that plaintiff had a preexisting condition caused by an earlier car accident, which had occurred in 2010 and resulted in a diagnosis of both lumbar and cervical strains. Upon their motion, defendants provided plaintiff's bill of particulars, medical records and deposition testimony. Plaintiff's bill of particulars claimed that the subject 2015 accident resulted in "[t]rauma to the lumbar spine, cervical spine and head" with disc protrusions, which caused discomfort, pain and a decrease in plaintiff's range of motion, and had "aggravated, enhanced and made symptomatic plaintiff's preexisting and non-symptomatic" cervical and lumbar disc disease. The medical records presented by defendants established that, in 2010, plaintiff suffered cervical and lumbar strains in a similar motor vehicle accident. These medical records also stated that, prior to the subject accident, in 2014, plaintiff had reported to his primary care physician that he sometimes experienced pain in his shoulder and back.
Defendants also relied upon a medical examination conducted by physician Harvey Seigel, who examined plaintiff and reviewed his medical records, including those related to the 2010 accident. He concluded that plaintiff's cervical strain/sprain had resolved and that the lumbar sprain/strain is "superimposed on pre-existing degenerative disc disease," and that there was no causally-related back disability. In his deposition testimony, plaintiff acknowledged the 2010 accident and the medical treatment he received thereafter. We agree with Supreme Court that this expert report, together with plaintiff's medical records and deposition testimony, provided an objective, competent medical basis for finding on a prima facie basis that plaintiff's injury was not causally related to the 2015 accident, thus shifting the burden to plaintiff "to offer objective medical evidence distinguishing plaintiff's preexisting condition from the injuries claimed to have been caused by each accident" (Falkner v Hand, 61 AD3d 1153, 1154 [2009]; see Cole v Roberts-Bonville, 99 AD3d 1145, 1147 [2012]).
Plaintiff did not meet this burden. Upon this appeal, plaintiff requests that we reverse Supreme Court's order based upon a review of his testimony regarding his work activities prior to the subject accident and his disability from that employment thereafter. It is, however, well established that medical evidence is required. Here, plaintiff's medical evidence failed to address the 2010 accident or his preexisting medical conditions. He submitted, as pertinent here, three reports provided by medical examiners.[FN1] The first report was prepared by physician Paul Jones, who examined plaintiff in 2015 and 2017. On both occasions, Jones diagnosed lumbar injuries, and concluded that the injuries were causally related to the 2015 accident. However, each of these reports noted that no medical records were reviewed, that there were no preexisting injuries affecting plaintiff's recovery, and that plaintiff denied existing medical problems. A third examination was conducted by physician Adam Soyer, who reviewed some of plaintiff's medical records as part of the examination. Soyer concluded that the injury and accident were causally related, but found no orthopedic disability. This expert similarly noted that plaintiff denied any prior motor vehicle injuries. Thus, plaintiff's reports failed to address the 2010 accident, and Jones' reports did not include a review of plaintiff's medical records. Plaintiff therefore failed to provide "objective medical evidence relevant to distinguishing his preexisting condition" from the injuries allegedly sustained in the 2015 accident (Thomas v Ku, 112 AD3d 1200, 1201 [2013]; see Shea v Ives, 137 AD3d 137 AD3d 1404, 1405 [2016]). Accordingly, we find that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. The lack of sufficient proof on causation is dispositive of all three of the serious injury categories asserted by plaintiff (see Thomas v Ku, 112 AD3d at 1202).
Lynch, Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Plaintiff also provided a report by a licensed acupuncturist, which indicated a causal relationship between the 2015 accident and plaintiff's injuries. However, this report further stated that plaintiff experienced no symptoms prior to the 2015 accident, and failed to mention the 2010 accident. Moreover, this report also indicated that it was not within the scope of acupuncture practice to provide a Western medical diagnosis or to determine plaintiff's disability or return to work status.