Burns v Childress (2020 NY Slip Op 07966)





Burns v Childress


2020 NY Slip Op 07966


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

530630

[*1]Joann Burns, Appellant,
v
Elias R. Childress et al., Respondents.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
Boeggeman, Corde, Ondrovic & Hurley, PC, Albany (Paul A. Hurley of counsel), for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered December 9, 2019 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.
On October 6, 2016, plaintiff was involved in a motor vehicle accident when the vehicle that she was driving collided with a vehicle owned by defendant K.G. Scott-Childress and driven by defendant Elias R. Childress. Thereafter, plaintiff commenced this negligence action against defendants claiming that, based on injuries to her neck, back and shoulders, she sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff had previously been involved in a motor vehicle accident in June 2015 in which she also claimed to have sustained injuries.[FN1] Some, but not all, of the body parts that plaintiff claims were injured in the October 2016 accident were also involved in the June 2015 accident. Following discovery, defendants moved for summary judgment dismissing the complaint on the basis that the medical evidence did not establish that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion, and plaintiff appeals.
We reverse. "Under New York's no-fault system of automobile insurance, a person injured in a motor vehicle accident may only receive damages if he or she sustained a serious injury" (Sul-Lowe v Hunter, 148 AD3d 1326, 1327 [2017] [internal quotation marks, ellipsis and citations omitted]; see Fillette v Lundberg, 150 AD3d 1574, 1576 [2017]). Insurance Law § 5102 sets forth several categories of serious injury, two of which are alleged by plaintiff — "significant limitation of use of a body function or system" and "permanent consequential limitation of use of a body organ or member" (Insurance Law
§ 5102 [d]).[FN2] "When a plaintiff relies upon the permanent consequential limitation and/or significant limitation of use categories, such claims must be grounded upon objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [the] plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system. Additionally, a plaintiff must demonstrate that the limitation of use that he or she sustained was more than mild, minor or slight" (Jones v Marshall, 147 AD3d 1279, 1280 [2017] [internal quotation marks and citations omitted]; see Kesick v Burn-Leader, 169 AD3d 1313, 1317 [2019]). Further, as far as the significant limitation of use category is concerned, permanency of limitation is not required (see Gates v Longden, 120 AD3d 980, 981 [2014]; Estrella v GEICO Ins. Co., 102 AD3d 730, 731 [2013]). "In order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury. An expert's qualitative assessment of a plaintiff's condition also may [*2]suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002] [citations omitted]; see Perl v Meher, 18 NY3d 208, 217 [2011]).
"As proponents of the motion for summary judgment, defendants bore the initial burden of establishing, through competent medical evidence, that plaintiff did not sustain a serious injury caused by the accident" (Lavrinovich v Conrad, 180 AD3d 1265, 1267 [2020] [internal quotation marks and citations omitted]; see Ni v O'Brien, 179 AD3d 1190, 1191 [2020]). Once defendants have sustained that burden, it is incumbent on plaintiff, in opposition to the motion, to adduce competent medical proof raising a material issue of fact necessitating a trial (see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; Carota v Wu, 284 AD2d 614, 615 [2001]; Cannizzaro v King, 187 AD2d 842, 843 [1992]).
We find that defendants presented adequate medical proof to sustain their initial burden of demonstrating that plaintiff did not suffer a serious injury under either claimed category. In support of their motion, defendants submitted, among other things, the medical reports of Luis A. Mendoza, the physician who treated plaintiff after both accidents, and the medical report of Bradley Wiener, the orthopedist who conducted an independent medical examination of plaintiff in 2019 on behalf of defendants. Mendoza examined plaintiff on a number of occasions between June 2015 and June 2019, performed numerous range of motion and other tests and ultimately concluded that plaintiff was permanently partially disabled as a result of the October 2016 accident. Wiener, on the other hand, came to the opposite conclusion, finding that the October 2016 accident did not cause a serious injury to plaintiff. We find that Wiener's opinion that plaintiff's injuries were degenerative, resulted from the prior June 2015 accident and did not constitute either a significant limitation of use or a permanent consequential limitation of use satisfied defendants' initial burden of demonstrating that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), thus shifting the burden to plaintiff to raise a triable issue of fact.
Contrary to Supreme Court's determination, however, we find that plaintiff has adduced competent medical evidence to defeat summary judgment. Specifically, Mendoza's examination reports of plaintiff from 2015 to 2019 indicate that, although her complaints and injuries after each accident were to similar areas of the body — in particular, the neck and lumbar spine region — plaintiff's condition had improved prior to the October 2016 accident. Mendoza's examination of plaintiff several days after the October 2016 accident revealed, through measurements obtained by use of a goniometer, a marked decrease in plaintiff's range of motion [*3]from which a factfinder could conclude that there were injuries to these areas caused by the more recent October 2016 accident. Although Mendoza documented plaintiff's subjective complaints of increased pain and restriction in those areas, his detailed goniometric range of motion measurements documenting plaintiff's postaccident deviation from the normal range of motion provided such quantification and were sufficient to create an issue of fact as to the seriousness of plaintiff's injuries.[FN3] In addition, Mendoza noted that an MRI of plaintiff's cervical spine and lumbar spine showed herniations that, Mendoza opined, were related to the October 2016 accident. Although defendants maintained that such herniations were the result of a longstanding degenerative condition, Mendoza's opinion raised a triable issue of fact (see Toure v Avis Rent A Car Sys., 98 NY2d at 353; Assael v Marth, 300 AD2d 329, 329 [2002]).
Mendoza also concluded that, "[a]s a direct result of the [October 2016] motor vehicle accident," plaintiff has a "permanent partial disability of the muscular, skeletal and neurological systems." Mendoza went on to apportion the causation for such "permanent partial disability" between the June 2015 and October 2016 accidents, finding that the neck, upper back and left shoulder injuries should be apportioned 60% to the June 2015 accident and 40% to the October 2016 accident, and the injuries to the right shoulder and lower back were 100% attributable to the October 2016 accident (see Roulhac v Hermance, 180 AD3d 1192, 1194 [2020]). In addition, the records of plaintiff's physical therapist indicate that a diminished range of motion in plaintiff's lumbar spine persisted at least through August 2017. Given this evidence, we find that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint.
Garry, P.J., Egan Jr. and Mulvey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.



Footnotes

Footnote 1: Plaintiff commenced a separate action as a result of the injuries that she allegedly sustained in the June 2015 accident, and that action was ultimately resolved in arbitration.

Footnote 2: Although plaintiff also argues on appeal that her injuries fall under the 90/180-day category, she failed to make this allegation in her complaint, raise it in her bill of particulars or raise it in her papers in opposition to defendants' motion. As this claim is being raised for the first time on appeal, it is not properly before us (see Williams v Jones, 139 AD3d 1346, 1347 [2016]).

Footnote 3: We note that Mendoza also compared his range of motion findings with normal ranges of motion in accordance with the qualitative prong of Toure v Avis Rent A Car Sys. (98 NY2d at 350).