Mesiti v Knight (2021 NY Slip Op 00220)





Mesiti v Knight


2021 NY Slip Op 00220


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

530708

[*1]Annamaria Mesiti, Appellant,
v
Wayne T. Knight et al., Respondents.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
Santacrose & Frary, Albany (Samantha M. Fox of counsel), for respondents.



Clark, J.
Appeal from an order of the Supreme Court (Meddaugh, J.), entered December 20, 2019 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.
On May 14, 2015, plaintiff was involved in her third motor vehicle accident in a matter of five years. According to plaintiff, the May 2015 accident arose out of the conduct of defendant Wayne T. Knight, who allegedly struck the passenger side of plaintiff's vehicle while driving a box truck registered to his employer, defendant Stoneworks Unico, LLC. On December 15, 2015, roughly seven months after the May 2015 accident, plaintiff was in a fourth motor vehicle accident. The May 2015 accident is the subject of this appeal, while the December 2015 accident is the subject of a separate appeal before this Court (Mesiti v Martin, ___ AD3d ___ [decided herewith]).[FN1]
Plaintiff commenced the present action in October 2015, seeking to recover for injuries she allegedly sustained as a result of the May 2015 motor vehicle accident. Defendants joined issue and asserted various affirmative defenses, including that plaintiff was comparatively at fault. Upon defendants' demand, plaintiff served a verified bill of particulars in which she claimed to have sustained a serious injury under the permanent consequential limitation of use of a body organ or member, the significant limitation of use of a body function or system and the 90/180-day categories (see Insurance Law § 5102 [d]). Following the completion of discovery, defendants moved for summary judgment dismissing the complaint, arguing that any negligence on their part did not cause the accident and that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied that part of defendants' motion seeking dismissal on the issue of liability but granted that part of the motion seeking dismissal for lack of a serious injury. Plaintiff appeals.[FN2]
"Under New York's No-Fault Law, an injured party's right to bring a personal injury action for noneconomic losses . . . arising out of an automobile accident is limited to those instances where such individual has incurred a serious injury" (Jones v Marshall, 147 AD3d 1279, 1283 [2017] [citations omitted]; see Insurance Law § 5104 [a]). Under Insurance Law § 5102 (d), a serious injury includes, as relevant here, a "permanent consequential limitation of use of a body organ or member" and a "significant limitation of use of a body function or system." "Whether a limitation of use or function is 'significant' or 'consequential' (i.e., important) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Dufel v Green, 84 NY2d 795, 798 [1995] [citations omitted]; accord Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]; see Vanalstyne v Gordon, 180 AD3d 1140, 1141 [2020]). On a motion for summary judgment[*2], the defendant bears the initial burden of establishing, through competent medical evidence, that the plaintiff did not sustain a serious injury as a result of the subject accident (see Cohen v Bayer, 167 AD3d 1397, 1398 [2018]; Thomas v McMaster, 165 AD3d 1511, 1512 [2018]). If this threshold burden is met, the plaintiff must come forward with "objective medical evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury" (Howard v Espinosa, 70 AD3d 1091, 1092 [2010] [internal quotation marks and citation omitted]; see Ni v O'Brien, 179 AD3d 1190, 1191 [2020]).
To meet their prima facie burden on the question of serious injury, defendants primarily relied upon the report and supplemental report of Robert Hendler, a board-certified orthopedic surgeon who examined plaintiff in June 2018 and reviewed medical records relating to plaintiff's neck and back. In his report, Hendler outlined plaintiff's "significant,
well[-]documented, prior history of lower back and . . . neck problems" prior to the May 2015 and December 2015 accidents. Such history included multiple disc abnormalities in the cervical spine and lumbar spine, spondylolisthesis at L4-L5 and chronic left lumbar radiculopathy. Hendler indicated that X rays taken of plaintiff's lumbar spine at his office revealed spondylolisthesis of L4 on L5 and "a mild to moderate amount of degenerative change . . . in the lower regions of the lumbar spine." Hendler also indicated that, upon examination, plaintiff had a full range of motion in both her cervical spine and lumbar spine. Based upon his examination and review of plaintiff's records, Hendler concluded, within a reasonable degree of medical certainty, that plaintiff's "lower back condition is entirely unrelated to either the [May 2015 or December 2015] motor vehicle accidents, but [rather] due to a well-documented, long-standing history of spondylolisthesis and degenerative joint disease in the lumbar spine area." Hendler opined that, at the time of the May 2015 accident, plaintiff may have sustained a mild lumbar sprain, with a temporary exacerbation of her preexisting lower back problem. As for the cervical spine, Hendler noted a normal physical examination and concluded that plaintiff had sustained a mild cervical sprain that had since resolved. He opined that plaintiff does not have any "permanent findings in her cervical spine that would be causally related to either the [May 2015] or [December 2015] motor vehicle accidents."
Defendants also submitted portions of plaintiff's medical records,[FN3] which confirmed that, prior to the May 2015 accident, plaintiff suffered from multiple disc herniations, protrusions and/or bulges, spondylolisthesis at L4-L5 and chronic left L5 radiculopathy. Of particular note are records from plaintiff's January 2015 consultation with Francis Pflum, a board-certified orthopedic surgeon. According to Pflum, plaintiff complained of constant low back pain that worsened [*3]after a 2013 motor vehicle accident and believed herself to be "markedly disabled." Based upon his examination and review of relevant medical records, Pflum concluded that "most of [plaintiff's] pain [was] coming from her spondylolisthesis at L4-L5" and that, "in a best case scenario, [she] would need a circumferential fusion at L4-L5." The medical records predating the May 2015 accident, together with Hendler's medical opinions and conclusions, support the conclusion that plaintiff did not sustain a significant or permanent consequential limitation of her back as a result of the May 2015 accident (see Shea v Ives, 137 AD3d 1404, 1405 [2016]). Accordingly, as defendants met their prima facie burden of demonstrating the absence of a serious injury caused by the May 2015 accident, the burden shifted to plaintiff to raise a triable issue of fact (see DeHaas v Kathan, 100 AD3d 1057, 1059 [2012]).
Where, as here, a defendant comes forward with proof that the plaintiff suffers from preexisting conditions, the plaintiff must provide "objective medical evidence distinguishing [the] preexisting condition[s] from the injuries claimed to have been caused by" the accident underlying the action (Falkner v Hand, 61 AD3d 1153, 1154 [2009]; see Shea v Ives, 137 AD3d at 1405). To that end, plaintiff largely relied upon the report of Luis Mendoza Jr., a licensed physician who reviewed plaintiff's medical records and evaluated her in June 2019, over four years after the May 2015 accident. Mendoza opined that plaintiff's back conditions worsened as a result of the July 2013, May 2015 and December 2015 motor vehicle accidents and that plaintiff "has a permanent partial disability of the muscular, skeletal and neurologic systems." Mendoza concluded that, as a result of the three accidents combined, plaintiff suffered a 16% loss of range of motion in her neck and a 48% loss of range of motion in her back. However, Mendoza primarily attributed the range of motion loss in the neck to a May 2010 accident, stating that the July 2013, May 2015 and December 2015 accidents each contributed less than 1% of the loss. As for the back, Mendoza attributed the 48% range of motion loss equally to each of plaintiff's four motor vehicle accidents, which amounted to 12% of the loss in range of motion to the back being attributable to the May 2015 accident.
In our view, the medical opinions and conclusions offered by Mendoza were conclusory, speculative and wholly insufficient to raise a question of fact on the issue of serious injury (see Freese v Maffetone, 302 AD2d 490, 490-491 [2003]). Mendoza failed to identify the objective evidence he relied upon to conclude that each of the accidents in July 2013, May 2015 and December 2015 had caused a worsening of plaintiff's preexisting conditions. Moreover, Mendoza did not provide any detail as to how he objectively ascertained the specific range of motion limitations caused by each accident (see Mikl v Shufelt, 285 AD2d 949, 950[*4][2001]), and, in any event, the range of motion losses attributed to the May 2015 accident do not rise to the level of a significant or consequential limitation (see Granger v Keeter, 23 AD3d 886, 888 [2005]; Sellitto v Casey, 268 AD2d 753, 755 [2000]; Morgan v Beh, 256 AD2d 752, 753 [1998]). Thus, inasmuch as plaintiff has not raised a question of fact as to whether she sustained a serious injury as a result of the May 2015 accident, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint (see DeHaas v Kathan, 100 AD3d at 1060).
To the extent that any of plaintiff's remaining arguments have not been rendered academic by our determination, such arguments have been reviewed and found to be without merit.
Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: This Court previously decided an appeal relating to a July 2013 accident (Mesiti v Weiss, 178 AD3d 1332 [2019]).

Footnote 2: Plaintiff does not challenge Supreme Court's finding that she did not sustain a serious injury under the 90/180-day category. As such, she has abandoned any argument in that regard (see Lavrinovich v Conrad, 180 AD3d 1265, 1266 n 1 [2020]; Crawford-Reese v Woodard, 95 AD3d 1418, 1418 [2012]).

Footnote 3: Contrary to plaintiff's assertion, defendants were not required to attach plaintiff's complete copies of her extensive medical records.