Rosenblum v Irby (2021 NY Slip Op 02854)





Rosenblum v Irby


2021 NY Slip Op 02854


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

530407
[*1]Sharon L. Rosenblum et al., Appellants,
v
Nicole C. Irby, Respondent.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Conway & Kirby, PLLC, Delmar (Andrew W. Kirby of counsel), for appellants.
Hurwitz & Fine, PC, Buffalo (Brian M. Webb of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (O'Connor, J.), entered October 7, 2019 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the serious injury claims.
In October 2016, plaintiff Sharon L. Rosenblum was involved in a motor vehicle accident in the Town of Bethlehem, Albany County, when the vehicle she was driving collided with a vehicle owned and operated by defendant. Thereafter, in July 2017, Rosenblum and her spouse, derivatively, commenced this action against defendant claiming that, based upon injuries to, among other things, her back, neck, head and left shoulder, she sustained a serious injury within the meaning of Insurance Law § 5102 (d) and also sustained economic loss greater than basic economic loss (see Insurance Law § 5102 [a]). In response to defendant's demands, plaintiffs served verified, supplemental and second supplemental bills of particulars in which they claimed that Rosenblum had sustained a serious injury under "the permanent loss of use of a body organ, member, function or system," the "permanent consequential limitation of use of a body organ or member," the "significant limitation of use of a body function or system" and the 90/180-day categories (Insurance Law § 5102 [d]). Following joinder of issue and completion of discovery, defendant moved for summary judgment dismissing the serious injury claims on the basis that the medical evidence did not establish that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs opposed the motion and cross-moved for summary judgment on the issue of liability. Supreme Court granted defendant's motion and denied plaintiffs' cross motion. Plaintiffs appeal.
We affirm. "Under New York's no-fault system of automobile insurance, a person injured in a motor vehicle accident may only receive damages if he or she sustained a serious injury" (Burns v Childress, 189 AD3d 1939, 1940 [2020] [internal quotation marks and citations omitted]; see Insurance Law § 5104 [a]; Mesiti v Knight, 190 AD3d 1141, 1142 [2021]). "When a plaintiff relies upon the permanent consequential limitation and/or significant limitation of use categories, such claims must be grounded upon objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [the] plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system. Additionally, a plaintiff must demonstrate that the limitation of use that he or she sustained was more than mild, minor or slight" (Burns v Childress, 189 AD3d at 1940 [internal quotation marks and citations omitted]; see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]; DeHaas v Kathan, 100 AD3d 1057, 1058 [2012]). As far as the significant limitation of use category is concerned, permanency of limitation is not required (see Lavrinovich v Conrad, 180 AD3d 1265, 1269 [2020[*2]]; Gates v Longden, 120 AD3d 980, 981 [2014]). "In order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury. An expert's qualitative assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member function or system" (Toure v Avis Rent A Car Sys., 98 NY2d at 350 [citations omitted]; accord Perl v Meher, 18 NY3d 208, 217 [2011]). Moreover, evidence that a plaintiff's range of motion has significantly improved or returned to normal in the affected body organ, member, function or system will preclude a finding of a permanent consequential limitation of use and/or significant limitation of use (see Shackett v Nappi, 75 AD3d 709, 710 [2010]). "Similar objective evidence, such as medically imposed limitations upon daily activities, must support a plaintiff's claim under the 90/180-day category; self-serving assertions in this regard will not suffice" (Jones v Marshall, 147 AD3d 1279, 1280-1281 [2017] [citations omitted]; see Altieri v Liccardi, 163 AD3d 1254, 1256 [2018]; Eason v Blacker, 155 AD3d 1180, 1182-1183 [2017]).
As the proponent of the motion for summary judgment, the defendant bears the initial burden of establishing, through competent medical evidence, that the plaintiff did not sustain a serious injury as a result of the accident (see Mesiti v Knight, 190 AD3d at 1143; Burns v Childress, 189 AD3d at 1940). "If this threshold burden is met, the plaintiff must come forward with objective medical evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury" (Mesiti v Knight, 190 AD3d at 1143 [internal quotation marks and citations omitted]; see Burns v Childress, 189 AD3d at 1940; Roulhac v Hermance, 180 AD3d 1192, 1193-1194 [2020]).
At the outset, we note that plaintiffs did not oppose defendant's motion with respect to the permanent loss of use category of serious injury. Summary judgment with respect to such claim was therefore properly granted. As to the remaining categories of serious injury, based upon our review of the record, we are satisfied that defendant tendered sufficient admissible evidence — including Rosenblum's medical/treatment records, imaging studies, deposition testimony and the affirmed report of defendant's expert, Douglas Petroski — to meet her threshold burden of establishing that Rosenblum did not sustain a serious injury.
Petroski, a board-certified orthopedic surgeon, performed an independent medical examination (hereinafter IME) of Rosenblum in October 2018, two years after the accident. His report reflects his review of Rosenblum's medical history, medical records and reports of imaging studies of her head, cervical spine and thoracic spine, as well as plaintiffs' [*3]various bills of particulars and Rosenblum's deposition testimony. Petroski found that, using a hand-held goniometer to measure range of motion, Rosenblum had full range of motion of her cervical and thoracic spine, with no evidence of spasms or paraspinal or trapezii tenderness to palpation. With respect to the left shoulder, Petroski recorded a slight loss of active range of motion, but the normal range of motion with respect to internal and external rotation of the shoulder. Petroski diagnosed Rosenblum with "resolving" cervical spine strain, "resolved" thoracic spine strain and a "preexisting cervical degenerative disc disease." Although Petroski found an "unresolved" left shoulder sprain and determined that there was evidence of a "mild causally related disability," the presence of a "mild, minor or slight" limitation does not amount to a serious injury with the meaning of the statute (Burns v Childress, 189 AD3d at 1040 [internal quotation marks and citations omitted]). Imaging tests performed revealed no fractures or positive findings in either her cervical or thoracic spine and the CT scan of her head was normal. Rosenblum's medical records and her deposition testimony reveal that she was out of work for one week following the accident, returned to work on a part-time basis 10 days after the accident, and returned to work full time in the middle of December 2016. Rosenblum testified further that her responsibilities at work were the same when she returned to work part time as they were prior to the accident. Moreover, records and reports from Rosenblum's medical providers and her deposition testimony established that no restrictions or limitations were placed on her daily or physical activities.
In opposition, plaintiffs offered the affirmation of Todd Shatynski, Rosenblum's treating orthopedist, records of her physical therapy and chiropractic treatment, and additional IME reports conducted by other medical professionals prior to the IME conducted by Petroski. None of the medical evidence submitted in opposition to defendant's motion provided "objective medical evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury" under the permanent consequential limitation or significant limitation of use categories (Mesiti v Knight, 190 AD3d at 1143 [internal quotation marks and citations omitted]; see Burns v Childress, 189 AD3d at 1940). Indeed, in Shatynski's report dated December 13, 2016, it was noted that Rosenblum's neck exam revealed "full range of motion for flexion, extension, rotation, and lateral bending, negative Spurling's test bilaterally." With respect to the shoulder exam, Rosenblum was noted to have "full range of motion for forward flexion, abduction, and external rotation." In Shatynski's January 12, 2017 report, Rosenblum was noted to have "normal range of motion at the shoulders without impingement and normal flexion and extension at the cervical and thoracic spine with diminished [*4]lateral bending and rotation to the left cervical. She has intact strength, sensation and reflexes, however, of the proximal and distal musculature of the upper extremities." Further, and also with respect to the 90/180-day category, it is noteworthy that, in addition to being medically cleared to return to work full time in mid-December 2016, the reports and records from Rosenblum's medical providers do not contain any restrictions or limitations on her daily activities. As such, Rosenblum did not provide objective medical evidence to support her self-serving assertions that she was prevented from performing substantially all of the material acts that constituted her usual and customary daily activities for the relevant period, thus failing to raise a triable issue of fact as to the 90/180-day category (see Altieri v Liccardi, 163 AD3d at 1256; Eason v Blacker, 155 AD3d at 1182; Shea v Ives, 137 AD3d 1404, 1405-1406 [2016]). Supreme Court therefore properly granted defendant's motion.
With respect to plaintiffs' claim for economic loss over basic economic loss, which does not require a serious injury (see Martin v LeValley, 144 AD3d 1474, 1477 [2016]), plaintiffs argue that their cross motion for summary judgment should have been granted on the issue of liability because they established negligence as a matter of law. They proffer a video captured from the cameras where the accident occurred and defendant's deposition testimony as proof that the accident occurred as a result of defendant's negligence and that Rosenblum's operation of her vehicle was not a factor. We agree with Supreme Court's determination that a question of fact has been raised by the deposition testimony regarding how the accident occurred and whether Rosenblum's operation of her vehicle was a factor in causing the accident, precluding an award of summary judgment in plaintiffs' favor on the issue of liability.
To the extent that any of plaintiffs' remaining arguments have not been rendered academic by our determination, such arguments have been reviewed and found to be without merit.
Garry, P.J., Lynch and Pritzker, JJ., concur; Clark, J., not taking part.
ORDERED that the order is affirmed, with costs.