Watts v Gines (2021 NY Slip Op 06588)





Watts v Gines


2021 NY Slip Op 06588


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

532363
[*1]Lauren Watts, Respondent,
v
Andrew Gines, Appellant.

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Law Offices of Vincent J. Aceste, Esq., White Plains (Stephen A. Weinberg of counsel), for appellant.
Mainetti & Mainetti, PC, Kingston (Michael A. Mainetti of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered September 2, 2020 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this action alleging that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) stemming from a November 2018 motor vehicle accident involving defendant. As relevant here, plaintiff sought damages for alleged injuries to her cervical spine, lumbar spine and left shoulder and claimed a serious injury under "the permanent loss of use . . .[,] permanent consequential limitation of use of a body organ or member[,] significant limitation of use of a body function or system" and the 90/180-day categories (Insurance Law § 5102 [d]). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal by defendant.[FN1]
Regarding the permanent consequential and significant limitation of use categories, the record reflects that, following the accident, plaintiff presented to a hospital and the X ray taken therein of the left shoulder was negative and revealed no acute fracture or dislocation. The X ray of the cervical spine disclosed normal findings and no evidence of an acute fracture. Defendant also submitted a report from a radiologist who reviewed plaintiff's radiographic examinations. The radiologist confirmed that the X ray of the shoulder showed no evidence of a fracture, dislocation or subluxation and that CT scans of the cervical and lumbar spine showed no evidence of a compression fracture at any level. The radiologist opined that there was no evidence of any injury to plaintiff that was caused by the accident. The radiologist further noted that a CT scan of the lumbar spine showed that a mild posterior bulge was observed but that this bulge was "due to the abnormal biomechanics at the level of the lower lumbar spine imparted by the presence of a transitional (sacralized) L5 vertebral body." In view of the foregoing, defendant satisfied his initial burden of establishing that the alleged injuries were not causally related to the accident (see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; Burns v Childress, 189 AD3d 1939, 1941 [2020]; Foley v Cunzio, 74 AD3d 1603, 1604 [2010]).
With the burden shifted as to permanent consequential and significant limitation of use categories, plaintiff tendered a report from a treating physician. The treating physician noted that plaintiff had a disc bulge in her spine at L4-5 and evidence of radiculopathy in the cervical and lumbar spine. The treating physician, however, failed to address the evidence submitted by defendant demonstrating that the disc bulge at this location was attributable to the preexisting sacralization condition. As such, plaintiff failed to raise an issue of fact on this specific injury (see Iannillo v Felberbaum, 198 AD3d 1247, ___, 2021 NY Slip Op 05913, *4 [2021[*2]]; Shea v Ives, 137 AD3d 1404, 1405 [2016]; Thomas v Ku, 112 AD3d 1200, 1201-1202 [2013]). Notwithstanding the foregoing, the treating physician also concluded, upon a physical examination of plaintiff using a goniometer and a review of the radiological evidence, that plaintiff had a rotator cuff injury to her left shoulder and that such injury was attributable to the accident. This evidence must be viewed in the light most favorable to plaintiff and, having done so, a question of fact exists whether plaintiff suffered a serious injury to her left shoulder in the permanent consequential and significant limitation of use categories (see Altman v Shaw, 184 AD3d 995, 998 [2020]; Secore v Allen, 27 AD3d 825, 827-828 [2006]).
As to the 90/180-day category, defendant met his burden given that the record discloses that plaintiff returned to work five days after the accident and continued to work for over one year. Additionally, the medical records submitted by defendant reflect that no medical restrictions on plaintiff's usual daily activities were imposed during the requisite time period (see Haider v Rivera, 196 AD3d 799, 800 [2021]; Altieri v Liccardi, 163 AD3d 1254, 1256 [2018]; Tuna v Babendererde, 32 AD3d 574, 577 [2006]). In opposition thereto, the opinion of plaintiff's treating physician that plaintiff had a partial disability was conclusory (see Blanchard v Wilcox, 283 AD2d 821, 824 [2001]). Accordingly, plaintiff's claim, to the extent premised on the 90/180-day category, should have been dismissed (see Rosenblum v Irby, 194 AD3d 1147, 1150 [2021]; Eason v Blacker, 155 AD3d 1180, 1183 [2017]; Clausi v Hall, 127 AD3d 1324, 1327 [2015]; Clements v Lasher, 15 AD3d 712, 713-714 [2005]; Drexler v Melanson, 301 AD2d 916, 918-919 [2003]).
Egan Jr., J.P., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiff sustained (1) a serious injury under the 90/180-day category and (2) a serious injury to her cervical and lumbar spine under the permanent consequential and significant limitation of use categories; motion granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Even though Supreme Court did not explicitly discuss defendant's argument with respect to the permanent loss of use category, it still denied defendant's motion in its entirety. By failing to raise any argument in his brief concerning this category, defendant has abandoned any issue with respect to such category (see Vergine v Phillips, 167 AD3d 1319, 1320 n [2018]).