LeChase Constr. Servs., LLC v Albany Place Dev., LLC (2026 NY Slip Op 50020(U))

[*1]

LeChase Constr. Servs., LLC v Albany Place Dev., LLC

2026 NY Slip Op 50020(U)

Decided on January 9, 2026

Supreme Court, Albany County

Lynch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 9, 2026
Supreme Court, Albany County

LeChase Construction Services, LLC, Plaintiff,

againstAlbany Place Development, LLC and JOHN DOES, Defendants.
Albany Place Development, LLC, Defendant and Third-Party Plaintiff,
againstSchopfer Architects, LLP, DAVID SCHLOSSER, individually, WILLIAM FUEGEL ENGINEERING, P.C. And COLLETT MECHANICAL, INC., Third-Party Defendants.

Index No. 906676-19

Brendan Wolf, Esq. 
COUCH WHITE, LLP 
Attorneys for Defendant/Third-Party Plaintiff 
Albany Place Development, LLC 
540 Broadway P.O. Box 22222 
Albany, New York 12201-2222 
Kevin F. Peartree, Esq.
ERNSTROM & DRESTE, LLP
Attorney for Plaintiff 
LeChase Construction Services, LLC 
925 Clinton Square 
Rochester, New York 14604 
BURKE, SCOLAMIERO & HURD, LLP 
Natalie M. Weaver, Esq. 
Attorneys for Third-Party Defendant 
Collett Mechanical, Inc. 
7 Washington Square P.O. Box 15085 
Albany, New York 12212-5085 
Cory J. Schoonmaker, Esq. 
SUGARMAN LAW FIRM, LLP 
Attorneys for Third Party Defendant 
Schopfer Architects, LLP and 
David Schlosser, Individually
211 W. Jefferson Street 
Syracuse, New York 13202 
William Fuegel Engineering, P.C. 
Third-Party Defendant 
109 South Warren Street 
1604 State Tower Bldg 
Syracuse, New York 13202

Peter A. Lynch, J.

INTRODUCTIONThis is a breach of contract action, with corresponding tort claims.[FN1]
Third-Party Defendant Collett Mechanical, Inc. (hereinafter "Collett") moved for partial summary judgment pursuant to CPLR 3212, dismissing third party-plaintiff's, Albany Place Development, LLC (hereinafter "Albany Place"), independent tort claim, gross negligence claim, and claim for consequential damages.[FN2]
Third-Party Defendants Schopfer Architects, LLP ("Schopfer"), and [*2]David Schlosser, moved for summary judgment dismissing all claims.[FN3]
Plaintiff LeChase Construction Services, LLC (hereinafter "LeChase") also moved for summary judgment to dismiss the defendant's independent tort claim, and moved for partial summary judgment on its breach of contract claim.[FN4]

It is undisputed that the relationship between the parties is contractual. The central issue, however, is whether Albany Place has an independent tort claim, distinct from the breach of contract claim.
FACTS
On March 20, 2017, defendant Schopefer, and defendant/third-party plaintiff, Albany Place, as Owner, entered into an AIA agreement, in which Schopfer agreed to serve as the architect to draw the plans for the "Conversion and renovation of the existing Best Western Sovereign Hotel, 1228 Western Avenue, Albany New York to a 200 bed NYS licensed assisted living facility."[FN5]

On October 17, 2017, Plaintiff, LeChase, as Contractor, and Defendant, Albany Place, as Owner, entered into an AIA agreement, in which LeChase agreed to renovate the premises known as University Place, previously operated as a Best Western hotel, to an assisted living facility.[FN6]
 
On December 4, 2017, LeChase entered a subcontract with defendant Collett, in which Collette would perform plumbing work at University Place.[FN7]

LeChase claims it performed the renovation work, and filed a Mechanics lien, claiming:
"The total agreed price and value of the labor to be performed and material to be furnished under the contract is $11,681,937.34. The total amount that has been paid to date is $11,097,840.46. The value of the work completed is $11,681,937.34. The total amount unpaid for said labor performed and material furnished is $584,096.88. The total amount for which the lien is filed is $584,096.88 plus interest from the date payment fell due."[FN8]
Thus, as initially commenced, this was a breach of contract action, in which plaintiff sought money damages.
Albany Place claims it advised LeChase, Collett, and Schopfer, that University Place had a history of Legionella in the domestic water system.[FN9]
In its first counterclaim for breach of [*3]contract, Albany Place claims the work was defective, including the failure to install a required recirculating hot water riser system, properly sized pumps and mixing valve equipment and the lack of a balanced system, resulting in a Legionella outbreak at the facility.[FN10]
In its second counterclaim for an independent tort arising out of the same facts, Albany Place claims,
" . . . the failure of Plaintiff LeChase and Collett to perform the Legionella prevention duties contractually required of them affects a significant public interest, giving rise to a duty of care independent of their contractual obligations, which constitutes a separate tort."[FN11]
Albany Place made the same independent tort claims against Collett and Shopfer in its third-party complaint.[FN12]
Does the record support the existence of an independent tort claim, arising out of the same facts which support a breach of contract claim? It does!
STATEMENT OF LAW
Plaintiff and Third-Party defendants moved for summary judgment to dismiss Defendant/Third-Party Plaintiff's, Albany Place, independent tort and gross negligence claims, effectively as duplicative of the corresponding breach of contract claims.
In Zuckerman v. New York, 49 NY2d 557, 562 [1980], the Court identified the summary judgment review standard as follows:
To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' (CPLR 3212, subd [b]). Normally if the opponent is to succeed in defeating a summary judgment motion, he, too, must make his showing by producing evidentiary proof in admissible form. The rule with respect to defeating a motion for summary judgment, however, is more flexible, for the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form. (Internal quotations and citations omitted; emphasis added).Recognizing that summary judgment is a "drastic remedy" the "facts must be viewed in the light most favorable to the non-moving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]) (emphasis added). The Court's function is "not to determine credibility, but whether there exists a factual issue, or if arguably there is a genuine issue of fact." (seeS. J. Capelin Associates, Inc. v. Globe Mfg. Corp., 34 NY2d 338, 341 [1974]); see also illman v. Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957] where the Court held, "issue-finding, rather than issue-determination, is the key to the procedure" (emphasis added). The [*4]evidence must be viewed in the light most favorable to the Plaintiff (see Watts v. Gines, 199 AD3d 1274 [3d Dept. 2021]).
Considering the review standard, the unique facts do not warrant the court as a matter of law to direct judgment in the movants' favor.
INDEPENDENT TORT CLAIM ARISING OUT OF BREACH OF CONTRACT
All tort claims are not alike and must be independently assessed. In this Court's view the known history of Legionella at the premises is the distinguishing factor.
In Clark-Fitzpatrick, 70 NY2d 382, 386 (1987), the Court dismissed the negligence claims, holding,
"Finally, we conclude that the two causes of action sounding in negligence were also properly dismissed. It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract.Here, plaintiff has not alleged the violation of a legal duty independent of the contract. In its cause of action for gross negligence, plaintiff alleges that defendant failed to exercise "due care" in designing the project, locating utility lines, acquiring necessary property rights, and informing plaintiff of problems with the project before construction began. Each of these allegations, however, is merely a restatement, albeit in slightly different language, of the "implied" contractual obligations asserted in the cause of action for breach of contract. Moreover, the damages plaintiff allegedly sustained as a consequence of defendant's violation of a "duty of due care" in designing the project were clearly within the contemplation of the written agreement, as indicated by the design change and adjusted compensation provisions of the contract. Merely charging a breach of a "duty of due care", employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim. (Id at 389-390) (citations omitted; emphasis added)(See also, Dormitory Auth. of the State of NY v Samson Constr. Co., 30 NY3d 704, 711 [2018], where the Court held,
"It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. Put another way, where the damages alleged were clearly within the contemplation of the written agreement . . . [m]erely charging a breach of a duty of due care, employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim." (Internal quotations and citations omitted; emphasis added)Clearly, the subject contracts contemplated that defendants would design and build an assisted living facility at a premises with a history of Legionella. Such history is distinct from the physical design and renovation of the facility. Given the inherent danger of the presence of Legionella and the potential for a catastrophic event arising from its existence, further inquiry is necessary.
In Sommer v. Federal Signal Corp., 79 NY2d 540, 550-553 [1992], the Court sustained a tort claim, distinct from the contract claim, holding, inter alia:
This case partakes of both categories, and thus falls in the borderland between tort and contract, an area which has long perplexed courts . . . These borderland situations most often arise where the parties' relationship initially is formed by contract, but there is a claim that the contract was performed negligently . . .A legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship. Professionals, common carriers and bailees, for example, may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties . . . In disentangling tort and contract claims, we have also considered the nature of the injury, the manner in which the injury occurred and the resulting harm. . . . Thus, where plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory . . .With these guideposts in mind, we conclude that 810's claims against Holmes are not limited to breach of contract but may also sound in tort . . .Our conclusion rests as well on the manner in which the injury arose in this case and the resulting harm, both typical of tort claims. . . . 810 is not seeking the benefit of its contractual bargain, but instead seeks recovery of damages for a fire that spread out of control—the sort of "abrupt, cataclysmic occurrence" referred to in Bellevue." (Internal quotations and citations omitted; emphasis added)(See also, Reade v. SL Green Operating Partnership, LP, 30 AD3d 189, 190-191 [1st Dept. 2006], where the Court sustained a tort claim, holding,
"Generally, a tort cause of action that is based upon the same facts underlying a contract claim will be dismissed as a mere duplication of the contract cause of action, particularly where, as here, both seek identical damages. However, the Court of Appeals has identified borderland situations where [a] legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship . . . Moreover, the injury is typical of a tort claim both in respect to the manner in which it occurred and in the harm that resulted. Finally, the owner sought to recover not the benefit of its contractual bargain but damages resulting from an abrupt, cataclysmic occurrence." (internal quotations and citations mitted; emphasis added)It is the determination of this Court that Albany Place's tort causes of action fall into the "borderland situations" contemplated by Sommer v. Federal Signal Corp, due to the heightened risk of a catastrophic event resulting from historical presence of Legionella at the premises, and its contemplated use as an assisted living facility.
The motions to dismiss Albany Place's independent tort and gross negligence claims are denied. In turn, the motion to strike the consequential damages claim is denied.
To the extent not specifically addressed, it is manifest that questions of fact exist relative to the contract and tort claims, rendering the grant of summary judgment inappropriate.
CONCLUSION
For the reasons more fully stated above, all motions for summary judgment to dismiss the independent tort, gross negligence, and consequential damages claims made by defendant/third-party plaintiff, Albany Place, are denied. Plaintiff's cross-motion for summary judgment is also [*5]denied.
This memorandum constitutes both the decision and order of the Court.
Dated: January 9, 2026
Albany, New York
PETER A. LYNCH, J.S.C.
PAPERS CONSIDERED:
All e-filed pleadings, with exhibits.
NYSCEF Doc. Nos. 1 - 365

Footnotes

Footnote 1:See NYSEF Doc. No. 1 — Complaint and NYSEF Doc. No. 10 -Third Party Complaint.

Footnote 2:NYSCEF Doc. No. 249.

Footnote 3:NYSCEF Doc. No. 265.

Footnote 4:NYSCEF Doc. No. 288.

Footnote 5:NYSCEF Doc. No. 272— AIA Agreement - Architect.

Footnote 6:NYSCEF Doc. No. 3 and 255— AIA Agreement -Contractor.

Footnote 7:NYSCEF Doc. No. 257 - Plumbing subcontract.

Footnote 8:NYSCEF Doc. No. 4 — Mechanics Lien.

Footnote 9:NYSCEF Doc. No. 7 — Verified Answer¶ 84.

Footnote 10:NYSCEF Doc. No. 7 — Verified Answer ¶ 85-98.

Footnote 11:NYSCEF Doc. No. 7 — Verified Answer ¶ 102.

Footnote 12:NYSCEF Doc. No. 10 — Third Party Complaint.