■ Susan Caron et al., Appellants, v Derek R. Moore et al., Respondents. [755 NYS2d 109] —Kane, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 22, 2002 in Clinton County, which granted defendants' motion for summary judgment dismissing the complaint.

In June 1998, plaintiff Susan Caron (hereinafter plaintiff) was injured when, while holding her son, she was struck by a motor vehicle operated by defendant Derek R. Moore (hereinafter Moore) and owned by defendants Dan Moore and Renate Moore. At the time of the incident, Moore was backing up in a high school parking lot. Plaintiff did not fall nor did she drop her son, and she reassured Moore that she and her son were fine. Immediately thereafter, plaintiff attended a picnic at the high school. After discussing the accident with coworkers there, plaintiff decided to go to the emergency room, where she complained of pain in her right hip, knee, ankle and wrist. Following an examination, plaintiff was diagnosed with a ligament and/or muscle sprain, contusion and shoulder pain, and released.

Within the months following the accident, plaintiff sought the treatment of Christopher Benoit, a chiropractor, and was seen by him from June 24, 1998 to August 12, 1998. In his no-fault verification of treatment dated July 8, 1998, Benoit opined that, although he had diagnosed plaintiff with a lumbar and cervical sprain/strain, she was neither permanently disabled nor unable to work. Thereafter, on September 11, 1998, plaintiff began treatment with her regular physician, however,

there was no mention of back pain until December 31, 1998 and the record is unclear as to whether this complaint was related to the June 4, 1998 accident. A January 1999 radiology report showed "evidence of disc degeneration between L5 and transitional S1 vertebral bodies with suspected small central disc herniation." Ronald Hargraves, plaintiff's neurosurgeon, saw plaintiff on February 3, 1999 and sent her for an MRI, which showed evidence of, inter alia, mild bulging of the disc at the L5-S1 level with "a small central disc herniation at L2-3" with no "significant degree of central spinal stenosis or neuroforamina[l] compromise." Plaintiff returned to Hargraves on March 12, 1999. Approximately one year later, plaintiff sought treatment again from Hargraves, at which point he noted that her back pains continued to persist. Another MRI was taken which revealed a "disc narrowing at L2-3 and L5-S1" and a "small L2-3 central disc herniation and disc bulging at the L5-S1 level." Plaintiff treated with Hargraves two additional times. Because of persistent complaints of low back pain, he performed a decompressive laminectomy L5 and S1, pedicle screw fixation and lateral mass fusion surgery on October 30, 2000. The pre and postoperative diagnoses were severe disc degeneration at L5-S1.

Thereafter, plaintiff and her husband, derivatively, commenced this personal injury action alleging, inter alia, injuries to her lower back and right side and that she suffered a ruptured disc in her lower spine requiring a spinal fusion, resulting in pain, loss of mobility, flexibility and strength. In the bill of particulars, plaintiffs additionally allege that plaintiff gave up teaching, playing music, riding bikes, swimming and playing ball and that her constant pain has curtailed her household chores and activities with her son, and she suffers from severe mental anguish and stress as a result of the accident. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the basis that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) or, in the alternative, granting summary judgment to defendants on plaintiffs' claim for punitive damages. Supreme Court granted the motion dismissing the complaint, and plaintiffs appeal.

With respect to plaintiffs' claims under the permanent consequential limitation and significant limitation of use categories contained in Insurance Law § 5102 (d), defendants initially had the burden of establishing that plaintiff did not suffer a serious injury within the meaning of the statute (*see Gaddy v Eyler*, 79 NY2d 955, 956-957; *Evans v Hahn*, 255

AD2d 751, 751). Upon review of the motion papers, we conclude that defendants failed to satisfy their burden. In support of their motion, defendants submitted the affirmation of Kevin Barron, the neurologist who conducted an independent medical examination of plaintiff on February 12, 2002. Defendants further relied on plaintiff's deposition testimony, the medical records of plaintiff's treating physicians and her chiropractor and diagnostic reports of radiological tests. Barron noted some limited motion in plaintiff's back and legs and opined that there were "pre-existing medical psychological conditions* in that [the plaintiff] had a mild degree of lumbar spondylyosis that preceded the accident of record and that she had a long-standing record of depression." He further opined that plaintiff's condition "has stabilized relative to the injuries sustained in the June 4, 1998 accident." However, notably absent from Barron's affirmation was any explanation of the significance of the medical terms contained in the diagnostic reports and employed by plaintiff's treating physicians with respect to her disc herniation, bulging and degeneration. Nor does Barron's affirmation state that the spinal fusion, lumbrosacral pains and limitations, and the depression from which plaintiff alleges to suffer, are not causally related to the June 4, 1998 accident.

Absent the presentation of any evidence by defendants that the severe disc degeneration, with its associated pain and limitations of plaintiff's activities which resulted in her lumbar spinal surgery, and her continuing alleged depression, limitations of motion and pain, were not causally related to the June 4, 1998 accident (*see e.g. Lawyer v Albany OK Cab Co.*, 142 AD2d 871, 872; *see also Pollard v Brown*, 127 AD2d 882, 883), we find that Supreme Court improperly awarded summary judgment on the issue of serious injury within the meaning of Insurance Law § 5102 (d) in defendants' favor.

Having determined that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint as they failed to meet their burden of establishing entitlement to summary judgment on the issue of serious injury, the question remains as to whether defendants are nevertheless entitled to their alternative relief of dismissal of plaintiffs' claim for punitive damages. We initially note that plaintiffs have not addressed the dismissal of this claim in their brief, thereby abandoning this issue (*see Olson v Pyramid Crossgates Co.*, 291 AD2d 706, 708; *Matter of Federation of*

---

* Barron noted a previous lower back injury of plaintiff's which occurred either in 1990 or 1991 when she slipped down stairs while at college.

*Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 560 n 3). In any event, we find that the record fails to establish that the conduct here was " 'so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others' " (*Rekemeyer v Cerone*, 252 AD2d 22, 26, quoting *Rinaldo v Mashayekhi*, 185 AD2d 435, 436) and, as such, defendants' motion in this regard should be granted.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as dismissed the complaint except that portion seeking punitive damages; motion granted to that extent, summary judgment awarded to defendants dismissing that portion of the complaint seeking punitive damages and said claim dismissed; and, as so modified, affirmed.