◼ GREGORY R. HUBERT, Respondent-Appellant, v LEWIS M. TRIPALDI et al., Appellants-Respondents. [763 NYS2d 165] —Carpinello, J. Cross appeals from an order of the Supreme Court (Kramer, J.), entered December 9, 2002 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability.

Plaintiff was involved in a motor vehicle accident on July 15, 1998 while stopped at a red light at the intersection of Crane Street and Altamont Avenue in the Town of Rotterdam, Schenectady County. His vehicle was struck from behind by a truck owned by defendant Non-Stop Car Wash, Inc. and operated by defendant Lewis M. Tripaldi. According to Tripaldi, the brakes on the truck failed, causing the collision. Plaintiff sought medical treatment later that day, complaining of pain in his neck and shoulder. He was diagnosed with cervical strain and released. The following day, he sought treatment from his chiropractor, David Cerniglia, and saw him on a regular basis until December 1998. During his course of treatment, Cerniglia referred plaintiff to physicians Abraham Rivera and Arvinder Singh, pain management specialists. Rivera initially diagnosed plaintiff with posterior joint syndrome secondary to a whiplash injury. Additional diagnoses of, among other things, internal disc derangement with instability at L5-S1 were subsequently made as plaintiff underwent various procedures with these physicians, the last being a discography in March 2000. Upon the advice of these physicians, plaintiff did not return to his job as the manager of a drug store after the accident. In mid-2000, after receiving medical clearance for light-duty work, he took another job, but stayed in that position for only six months.

In March 2001, plaintiff commenced this personal injury action against defendants. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff, in turn, cross-moved for partial summary judgment on the issue of liability. Supreme Court denied both motions and these cross appeals ensued.

Plaintiff claims that he sustained a serious injury under all four of the categories set forth in Insurance Law § 5102 (d), namely, a permanent loss of use of a body organ, member, function or system, a permanent consequential limitation of use of a body organ or member, a significant limitation of use of a body function or system and a medically determined nonpermanent impairment which prevented him from performing substantially all of his usual and customary daily activities for 90 out of 180 days following the accident. As the proponent of summary judgment, defendants bore the initial burden of establishing that plaintiff did not suffer a serious injury within any of the above categories (see Gaddy v Eyler, 79 NY2d 955, 956 [1992]; Barbarulo v Allery, 271 AD2d 897, 898 [2000]).

In this regard, defendants relied upon the affidavit of Thomas Eagan, an orthopedic surgeon who conducted an independent medical examination of plaintiff on February 25, 2002. He averred that the results of neurological, orthopedic and physical examinations conducted upon plaintiff were all normal and that, although there was a slight reduction in the range of motion of plaintiff's cervical and lumbar spine, this was clinically insignificant. He further stated that although an MRI revealed that plaintiff had a bulging disc at L5-S1, he opined that this condition was degenerative in nature and unrelated to the accident.

Notably, however, Eagan failed to discuss the diagnoses made by plaintiff's physicians or the considerable course of treatment rendered by them even though a chronology of such treatment was attached to his report. Eagan's summary recites that these physicians had performed such procedures as spinal facet injections and medial branch neurotomies (also known as radiofrequency denervations involving the heat destruction of nerves in the spinal column) over the course of a 1¹/₂-year period. Yet, nowhere in his affidavit or his report does he discuss the significance of these procedures. Nor does he address what impact, if any, they had on plaintiff, whether they were medically necessary or whether the conditions they were intended to correct were causally related to the July 15, 1998 accident. Given the extent of this treatment, we find Eagan's omissions in this regard fatal to defendants' motion (see e.g. Caron v Moore, 301 AD2d 942, 944 [2003]; see also Seymour v Roe, 301 AD2d 991, 992 [2003]; compare Davis v Evan, 304 AD2d 1023, 1024-1025 [2003]). We further find Eagan's opinion that plaintiff "suffered no permanent injury as a result of the automobile accident, no significant limitation of his lumbar or cervical spine, and no medically determined injury that would

have prevented him from carrying out his usual occupation" a conclusory parroting of the statutory language (see *Burnett v Zito*, 252 AD2d 879, 882 [1998]; *Flater v Brennan*, 173 AD2d 945, 947 [1991]). Accordingly, we conclude that defendants failed to meet their burden of establishing that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) and Supreme Court properly denied their motion.

Likewise, we find no error in Supreme Court's denial of plaintiff's cross motion for partial summary judgment on the issue of liability. We are mindful that "[a] rear-end collision into a stopped vehicle creates a prima facie case of liability with respect to the operation of the moving vehicle" (*Schuster v Amboy Bus Co.*, 267 AD2d 448, 448 [1999]), thereby imposing upon the operator a duty of explanation (see *Vidal v Tsitsiashvili*, 297 AD2d 638, 638 [2002]). Moreover, "[w]here * * * the driver of the offending vehicle lays the blame for the accident on brake failure, it is incumbent upon that party to show that the brake problem was unanticipated and that reasonable care was exercised to keep the brakes in good working order" (*id.* at 638; see *Suitor v Boivin*, 219 AD2d 799, 800 [1995]).

Here, Tripaldi testified that, prior to the accident, he pulled out of a parking lot and made a left turn onto Crane Street, letting the natural momentum of the truck carry it toward the approaching red light without applying the gas. He indicated that plaintiff's vehicle was stopped at the light ahead of him and that, when he applied the brakes, they did not respond. Tripaldi stated that he had never experienced brake problems with the truck prior to the accident. He speculated that he may have lost air pressure, but otherwise could not explain why the brakes failed. James Arvin, the owner of the company for which Tripaldi worked, testified that he had never experienced brake problems while operating the subject truck. He related only one problem which occurred prior to the accident when the brakes apparently froze. According to Arvin, the truck was serviced for this problem and its mechanical systems, including the brakes, were maintained on a regular basis. Inasmuch as the foregoing raises a question of fact as to whether the accident was, in fact, caused by brake failure, summary judgment on the issue of liability was not warranted.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.