Noor v Fera (2021 NY Slip Op 07043)





Noor v Fera


2021 NY Slip Op 07043


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

531842
[*1]Sarah Noor, Appellant,
v
Ralph Fera et al., Respondents.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellant.
Smith Dominelli & Guetti LLC, Albany (Monique B. McBride of counsel), for respondents.



Clark, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered June 26, 2020 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.
On June 2, 2016, plaintiff Sarah Noor was stopped in a parking lot awaiting an opportunity to pull onto Holland Avenue, a roadway in the City of Albany that has two lanes of eastbound traffic. According to plaintiff, a driver who was stopped in the right lane of eastbound traffic motioned that she could enter traffic, at which point plaintiff crossed the stopped, right lane of eastbound traffic and entered the left lane of eastbound traffic, which was moving forward. The front end of the driver's side of plaintiff's vehicle was then struck by a vehicle driven by defendant Ralph Fera, who was traveling in the left lane of eastbound traffic.
In March 2017, plaintiff commenced this personal injury action asserting that Fera's negligence in operating his motor vehicle caused her to sustain a serious injury within the meaning of Insurance Law § 5102 (d). Upon defendant's demand, plaintiff filed and served a verified bill of particulars, wherein she alleged that, as a result of the accident, she suffered from a neck injury, headaches and a forehead laceration and sustained serious injuries under the significant limitation and permanent consequential limitation of use and 90/180-day categories. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, arguing, among other things, that plaintiff had not sustained a serious injury under Insurance Law § 5102 (d). Supreme Court granted the motion, prompting this appeal by plaintiff.[FN1]
"Under New York's No-Fault Law, an injured party's right to bring a personal injury action for noneconomic losses . . . arising out of an automobile accident is limited to those instances where such individual has incurred a serious injury" (Jones v Marshall, 147 AD3d 1279, 1283 [2017] [citations omitted]; see Insurance Law § 5104 [a]). Under Insurance Law § 5102 (d), the term "serious injury" includes a "personal injury which results in" a "permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment." To establish entitlement to summary judgment dismissing the complaint under Insurance Law § 5102 (d), the defendant bears "the initial burden of establishing, through competent medical evidence, that [the] plaintiff did not sustain a serious injury caused by the accident" (Cohen v Bayer, 167 AD3d 1397, 1398 [2018] [emphasis added]; see Altman v Shaw, 184 AD3d 995, 997 [2020]). The defendant "[*2]may meet this burden by establishing that [the] plaintiff had a 'documented history of extensive preexisting conditions and injuries that have produced the same types of symptoms that [the] plaintiff now attributes to the subject accident'" (Altman v Shaw, 184 AD3d at 997, quoting Vanalstyne v Gordon, 180 AD3d 1140, 1142 [2020]).
In support of their motion for summary judgment dismissing the complaint, defendants relied upon plaintiff's extensive medical records, as well as the expert report of a board-certified psychiatrist and neurologist. Plaintiff's medical records demonstrated that, although she received ongoing treatment for headaches and neck pain after the May 2016 motor vehicle accident, she also had a significant prior history of headaches and neck pain that long preceded the accident. The records revealed that plaintiff complained of mild headaches as early as May 2004 and that, in or around 2014, plaintiff began complaining of persistent and increasing headaches, which caused her to seek treatment from, among other providers, her primary care physician, a neurologist, an ophthalmologist and physical therapists. The records demonstrated that, in addition to complaints of neck pain, plaintiff reported regularly experiencing "severe migraines" and headaches, sometimes in the front of her head and sometimes in the occipital cervical region. Significantly, based on the findings of a December 2014 MRI, plaintiff was diagnosed with a Chiari malformation, a congenital brain defect that can cause migraines. Plaintiff continued to experience headaches and migraines through 2016, including shortly before the accident. Indeed, roughly two weeks prior to the accident, plaintiff refilled a prescription drug used in the treatment of her migraine headaches and sought and obtained a note from her primary care physician stating that she had to remain out of work until May 30, 2016 due to environmental factors causing an exacerbation of her chronic headaches.
Defendants' expert stated that he reviewed, among other things, plaintiff's medical records from before and after the accident and conducted an examination of plaintiff. He asserted that his review of plaintiff's medical records indicated that plaintiff has suffered from chronic headaches for years and that, nearly a year after the accident, she experienced cluster headaches. He explained that plaintiff's cluster headaches were not consistent with posttraumatic headaches and that plaintiff's "subjective complaints [could not] be construed as proof of brain injury." In his opinion, plaintiff did not sustain a traumatic brain injury, postconcussive syndrome or a cervical spine injury as a result of the accident.
Upon review of the proof submitted by defendants on their motion, we agree with Supreme Court that defendants demonstrated their prima facie entitlement to summary judgment dismissing the complaint. Defendants' submissions established that, prior to the accident, plaintiff had [*3]a well-documented history of neck pain, chronic headaches and migraines, which produced the same type of symptoms that she now claims are attributable to the accident. In short, defendants provided prima facie evidence that the serious injuries claimed by plaintiff were not caused by the accident (see Altman v Shaw, 184 AD3d at 997; Sul-Lowe v Hunter, 148 AD3d 1326, 1328 [2017]; Franchini v Palmieri, 307 AD2d 1056, 1056-1057 [2003], affd 1 NY3d 536 [2003]).
The burden thus shifted to plaintiff to provide "objective medical evidence distinguishing [her] preexisting condition[s] from the injuries claimed to have been caused by" the June 2016 accident (Falkner v Hand, 61 AD3d 1153, 1154 [2009]; accord Mesiti v Knight, 190 AD3d 1141, 1144 [2021]). Plaintiff did not argue that her preexisting headaches, migraines and neck pain were aggravated or exacerbated by the accident. Indeed, in her verified bill of particulars, plaintiff averred that, "[p]rior to [the] accident, [she] did not suffer from any other conditions that would have been aggravated or exacerbated." Rather, plaintiff claimed that her cluster headaches constituted a new condition, which was solely attributable to the accident.
In support of her argument, plaintiff's expert — a neurologist who treated her after the accident — opined that, "[s]ince th[e] accident, [plaintiff's] headaches [had] progressed in frequency and severity to chronic daily headache migraine type" and that plaintiff had "developed comorbid refractory post[]traumatic cluster headaches." However, plaintiff's expert, who did not treat plaintiff prior to the accident, did not indicate that he had reviewed plaintiff's prior medical history relating to her preexisting neck pain, headaches and migraines or acknowledge her Chiari malformation. In fact, his characterization of plaintiff as having "a history of low frequency episode migraines" suggested his unfamiliarity with the nature and extent of plaintiff's preexisting conditions and prior medical treatment. Moreover, in his report, plaintiff's expert failed to distinguish plaintiff's preexisting injuries from those he attributed to the accident; his report lacked any explanation as to how plaintiff's postaccident condition was objectively different from her preaccident condition. In our view, the conclusory and speculative medical opinions and conclusions offered by plaintiff's expert were insufficient to raise a question of fact on the issue of causation (see Mesiti v Knight, 190 AD3d at 1147; Sul-Lowe v Hunter, 148 AD3d at 1329; Franchini v Palmieri, 307 AD2d at 1057-1058). Accordingly, Supreme Court properly granted defendants summary judgment dismissing the complaint.
We are unpersuaded by plaintiff's remaining argument that Supreme Court abused its discretion in declining to address whether she presented prima facie evidence of a serious injury under the significant disfigurement category. A review of plaintiff's bill of particulars demonstrates that, [*4]although plaintiff stated that she sustained a forehead laceration as a result of the accident, she did not allege a serious injury under the significant disfigurement category. Nor did plaintiff move to amend her bill of particulars to include such allegation. Absent an amendment to the bill of particulars, the fact that defendants — briefly and in an abundance of caution — raised the issue of significant disfigurement in their motion for summary judgment does not inject the issue into the case. Accordingly, Supreme Court properly declined to address plaintiff's alleged claim of serious injury under the significant disfigurement category (see MacDonald v Meierhoffer, 13 AD3d 689, 689 [2004]; see generally Lee v Laird, 66 AD3d 1302, 1303 [2009]). As there is no basis upon which to disturb Supreme Court's determination, we affirm.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: In their motion, defendants also sought dismissal of the complaint on the ground that they were not negligent as a matter of law. Supreme Court, however, found that issues of fact precluded dismissal of the complaint on that ground.