Anderson v Baker (2025 NY Slip Op 01147)

Anderson v Baker

2025 NY Slip Op 01147

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CV-24-0044
[*1]Kathryn L. Anderson et al., Respondents,
v
Lynnis Baker, Appellant.

Calendar Date:January 9, 2025

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Lynch, JJ.

Law Offices of John Wallace, Albany (Fatima M. Sorbo of counsel), for appellant.
Basch & Keegan LLP, Kingston (Derek J. Spada of counsel), for respondents.

Egan Jr., J.
Appeal from an order of the Supreme Court (James Gilpatric, J.), entered December 5, 2023 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
At approximately 2:30 p.m. on December 1, 2021, plaintiff Kathryn L. Anderson (hereinafter Anderson) was driving home from choir practice in her 2019 Honda CR-V and reached the intersection of State Route 208 and State Routes 44/55 in the Town of Gardiner, Ulster County. Defendant, who was visiting family from out of town, was traveling northbound on State Route 208 in her 2018 Ford sedan at the same time, failed to see the traffic light at that intersection and entered it, where she collided with Anderson's vehicle. Anderson and her husband, derivatively, commenced this action against defendant in March 2022, alleging that defendant's negligent operation of her vehicle had resulted in Anderson sustaining a "serious injury" within the meaning of Insurance Law § 5102 (d). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint upon the ground that Anderson had not sustained a serious injury. Supreme Court denied the motion in its entirety, and defendant appeals.
The system of no-fault automobile insurance adopted by the Legislature provides that "a person injured in a motor vehicle accident may only recover damages if he or she sustained a serious injury" (Lemieux v Horn, 209 AD3d 1100, 1101 [3d Dept 2022] [internal quotation marks and citations omitted], affd 39 NY3d 1108 [2023]; see Pommells v Perez, 4 NY3d 566, 570 [2005]; Noor v Fera, 200 AD3d 1366, 1366-1367 [3d Dept 2021]). When a defendant moves for summary judgment dismissing a complaint due to the absence of a serious injury, he or she "bears the initial burden of establishing by competent medical evidence that the plaintiff did not sustain a serious injury caused by the accident" (Williams v Ithaca Dispatch, Inc., 232 AD3d 1165, 1166 [3d Dept 2024] [internal quotation marks and citations omitted]; see Lemieux v Horn, 209 AD3d at 1101). Anderson here alleged in a bill of particulars that she sustained a serious injury within the significant disfigurement, permanent consequential limitation of use, significant limitation of use and 90/180-day categories (see Insurance Law § 5102 [d]). Defendant attempted to meet her initial burden of showing that Anderson had not sustained a serious injury under any of those categories with proof that included the deposition testimony of Anderson and her husband, Anderson's medical records and the report of a physician, Robert Feldman, who reviewed those records and examined Anderson herself in March 2023.
Turning first to the 90/180-day category, we agree with Supreme Court that the foregoing proof did not satisfy defendant's initial burden. Feldman's report, based upon an examination of Anderson conducted 16 months after the accident, did not offer any opinion as to Anderson's "condition or limitations within the first 180 [*2]days following the accident, which is necessary to foreclose the 90/180-day category" (Harris v Vogler, 187 AD3d 1392, 1393 [3d Dept 2020]; see Cohen v Bayer, 167 AD3d 1397, 1402 [3d Dept 2018]; Poole v State of New York, 121 AD3d 1224, 1225 [3d Dept 2014]). Although defendant suggests that this omission was cured by Anderson's medical records and her deposition testimony, Anderson's medical records actually confirm that she had abdominal and pelvic pain and had sustained a "[l]arge abdominal hematoma" when she was examined at the hospital immediately following the accident. Anderson was "told not to do anything for one week" when she was discharged from the hospital. She then obtained additional care for the "sore" and "heavy" hematoma nine days later, going to the acute care practice where her emergency room physician worked, and she testified that she was directed to take pain medication and apply alternating ice and heat to the hematoma several times a day. Anderson acknowledged that no further instructions were given before she stopped treating with the acute care practice, which she stated occurred in April 2022; the medical records make clear that surgical options were being considered to deal with the hematoma throughout this period, however, and the records and her deposition testimony reflect that she and her caregivers were "waiting to see what the progress of the hematoma" was before making any decisions. The records also confirm that the hematoma was only "slow[ly] improv[ing]" during this period and that Anderson did not report having "no pain" until her March 10, 2022 appointment, more than 90 days after the accident.
In addition to the foregoing, Anderson made clear in her deposition testimony that, although she was able to bathe herself and do some "limited" tasks like "light cooking, baking" and "piano playing" in the 90 days following the accident, the pain from her injuries left her unable to perform basic tasks like vacuuming or dusting throughout that period and prevented her from driving for two months. Her husband agreed in his deposition testimony that he had to do the house cleaning, laundry and grocery shopping for Anderson after the accident and that she was "pretty much incapacitated at home" for at least two months after the accident. Simply put, this proof was not "sufficiently complete" to demonstrate as a matter of law that Anderson did not suffer a serious injury under the 90/180-day category (Harris v Vogler, 187 AD3d at 1394 [internal quotation marks and citations omitted]; see McElroy v Sivasubramaniam, 305 AD2d 944, 945-946 [3d Dept 2003]). It follows that Supreme Court properly denied that aspect of defendant's motion without regard to the quality of the proof offered in opposition (see Lavrinovich v Conrad, 180 AD3d 1265, 1266-1267 [3d Dept 2020]; Ames v Paquin, 40 AD3d 1379, 1380 [3d Dept 2007]; see also Haider v Rivera, 196 AD3d 799, 800-801 [3d Dept 2021]; Dooley v Davey, 21 AD3d 1242, 1244-1245 [3d Dept [*3]2005]).
Defendant did meet her initial burden with regard to the other categories of serious injury claimed by Anderson. Anderson's medical records reflect that she was diagnosed with an abdominal hematoma in the aftermath of the accident and, notwithstanding statements in her bill of particulars that the accident had aggravated preexisting degenerative changes in her spine, she made clear in her deposition testimony that she was not claiming any connection between her back issues and the accident. In his March 2023 report, Feldman noted Anderson's statement that the hematoma was "not interfer[ing] with her life in any way" by that point and opined that the hematoma had resolved on its own and posed no "permanent consequential limitation." This "support[ed] a prima facie finding that [Anderson] did not suffer a permanent consequential limitation and/or significant limitation of use" (Iannillo v Felberbaum, 198 AD3d 1247, 1250 [3d Dept 2021]). Further, in view of Feldman's finding that the hematoma had resolved and his description of Anderson's abdomen as unremarkable apart from a small "asymmetrical[ ]" spot near her left hip bone that may or may not have been related to the hematoma, defendant also made out a prima facie case that Anderson had not sustained a significant disfigurement as a result of the accident (see Licygiewicz v Stearns, 61 AD3d 1254, 1255 [3d Dept 2009]).
In response, Anderson provided her own affidavit, photographs of her abdomen taken soon after the accident as well as ones taken around the time of her affidavit, and the May 2022 report of a physician, Luis Mendoza, who opined that Anderson was permanently partially disabled as a result of injuries sustained in the accident. Mendoza's report should have been disregarded by Supreme Court, as his opinion of permanent injuries was primarily, and improperly, premised upon a "claim of serious injury to" Anderson's right shoulder that "was not pleaded in the bill of particulars and was raised for the first time in opposition to [defendant's] motion" (Hernandez v Marcano, 161 AD3d 676, 677 [1st Dept 2018]; see Boone v Elizabeth Taxi, Inc., 120 AD3d 1143, 1144 [1st Dept 2014]). Anderson was accordingly left without any objective medical proof to support her own subjective complaints of pain arising from the hematoma, and she failed to raise a material question of fact on the permanent consequential limitation and significant limitation of use categories (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]). Defendant was therefore entitled to summary judgment dismissing Anderson's claim with regard to those categories.
In contrast, while the photographs provided by Anderson reflect that neither the hematoma nor any obvious misshapenness was visible on her abdomen by the time of defendant's motion, that fact is not dispositive because "some temporary disfigurement will present jury questions as to whether they are significant" (Caruso v Hall, 101 AD2d 967, 968 [3d Dept [*4]1984], affd 64 NY2d 843 [1985]). The photographs reflected that Anderson's abdomen was seriously bruised and was visibly misshapen as a result of the injuries she sustained in the accident, and the hematoma that caused the deformity only "slowly resorb[ed]" over the next several months (compare Caruso v Hall, 101 AD2d at 969). In our view, this evidence raised questions of fact as whether a reasonable person would find Anderson's condition in the aftermath of the accident so "unattractive, objectionable or the subject of pity or scorn" as to constitute significant disfigurement within the meaning of Insurance Law § 5102 (d) (Baker v Thorpe, 43 AD3d 535, 537 [3d Dept 2007]; cf. Licygiewicz v Stearns, 61 AD3d at 1255; see also Pecora v Lawrence, 28 AD3d 1136, 1137 [4th Dept 2006]). Thus, defendant was not entitled to summary judgment with regard to that category.
Garry, P.J., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiff Kathryn L. Anderson suffered a serious injury with respect to her claim under the permanent consequential limitation of use and significant limitation of use categories; motion granted to that extent; and, as so modified, affirmed.