Tesiero v Castor (2025 NY Slip Op 03673)

Tesiero v Castor

2025 NY Slip Op 03673

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-0331
[*1]Jamie R. Tesiero et al., Appellants,
v
Donald E. Castor, Defendant, and Katherine M. Castor, Respondent.

Calendar Date:April 21, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ.

DeGraff, Foy & Kunz, LLP, Albany (George J. Szary of counsel), for appellants.
Monaco Cooper Lamme & Carr, PLLC, Albany (Jonathan E. Hansen of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Martin Auffredou, J.), entered January 29, 2024 in Fulton County, which granted defendant Katherine M. Castor's motion for summary judgment dismissing the complaint against her.
On April 9, 2018, plaintiff Jamie R. Tesiero (hereinafter Tesiero) was the seat-belted driver of a motor vehicle approaching an intersection at approximately 45 miles per hour when the vehicle operated by defendant Donald E. Castor (hereinafter Castor) and owned by defendant Katherine M. Castor (hereinafter defendant) attempted to make a left turn in front of him, resulting in a head-on collision. Tesiero and his spouse, derivatively, commenced this action alleging that he suffered a "serious injury" within the meaning of the Insurance Law. Specifically, Tesiero claimed in his bill of particulars that he injured his cervical, thoracic and lumbar spine, and sustained the "aggravation of preexisting" lumbar spine conditions and injuries. Further, he alleged that such injuries constituted serious injuries within the significant limitation of use of a body function or system and the 90/180-day categories (see Insurance Law § 5102 [d]). Following joinder and the completion of disclosure,[FN1] defendant moved for summary judgment dismissing the complaint, claiming that Tesiero did not suffer a serious injury. Supreme Court granted the motion in its entirety, dismissing the complaint. Plaintiffs appeal.
We reverse. "Under New York's no-fault system of automobile insurance, a person injured in a motor vehicle accident may only recover damages if he or she sustained a serious injury" (Sul-Lowe v Hunter, 148 AD3d 1326, 1327 [3d Dept 2017] [internal quotation marks, ellipsis and citations omitted]). As relevant here, the significant limitation of use category "require[s] objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing the plaintiff's present limitations to the normal function, purpose and use of the affected body . . . function or system, and the proof must show those limitations to be more than mild, minor or slight" (Lemieux v Horn, 209 AD3d 1100, 1101 [3d Dept 2022] [internal quotation marks and citations omitted], affd 39 NY3d 1108 [2023]). Similarly, the 90/180-day category requires "objective evidence, such as medically imposed limitations upon daily activities,"and more than self-serving allegations (Rosenblum v Irby, 194 AD3d 1147, 1148 [3d Dept 2021] [internal quotation marks and citations omitted]).When a defendant moves for summary judgment dismissing a complaint that alleges a serious injury within the Insurance Law, he or she "bears the initial burden of establishing by competent medical evidence that the plaintiff did not sustain a serious injury caused by the accident" (Williams v Ithaca Dispatch, Inc., 232 AD3d 1165, 1166 [3d Dept 2024] [internal quotation marks and citations omitted]). Such burden may be satisfied "by establishing that the plaintiff had a documented [*2]history of extensive preexisting conditions and injuries that have produced the same types of symptoms that the plaintiff now attributes to the subject accident" (Noor v Fera, 200 AD3d 1366, 1367 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]).
In support of her motion for summary judgment dismissing the complaint, defendant relied upon Tesiero's deposition testimony, extensive medical records and the report from a defense medical examination conducted by Harvey Seigel, an orthopedic surgeon. Tesiero testified that he has been involved in several prior personal injury accidents or incidents causing injuries to his lumbar back. Relating to the subject accident, Tesiero claimed that he immediately had pain in his right arm, neck and back. He went to the hospital a few hours later for a rash up his arm caused by the accident, and pain in his neck, back and leg. He was discharged the same day and returned to the hospital the following day complaining of neck and back pain. The gravamen of Tesiero's initial complaints focused on his neck and mid-back, and he began to experience increasing pain in his lower back which he reported to his treating physician approximately a month after the accident. Tesiero testified that he was out of work for about six months and had to transfer roles because of his back injuries, resulting in a reduction in pay. He further explained that he was not able to perform his pre-accident usual and customary activities within six months of the accident, including household chores such as shoveling snow, carrying coal, cleaning, taking out the trash, going to the store and mowing the lawn, as well as engaging in activities with his children like basketball or swimming, or otherwise enjoy his personal hobbies such as ATV riding, metal detecting, canoeing, hunting, fishing, golfing, biking, working out/lifting weights and taking outdoor walks. Although he is now able to go on walks and do some light housework, he remains unable to perform the other activities. According to Tesiero and his medical records, the lower back pain continued to worsen in the months following the accident and he received a conservative course of treatment for his lower back, which culminated in over 70 physical therapy sessions, 12 pain steroidal injections and three radiofrequency nerve ablation procedures. Tesiero testified that his overall condition has improved, but he continues to experience lower back pain which often impacts him from the moment he gets out of bed.
In reviewing this testimony and Tesiero's medical records, Seigel highlighted in his report that Tesiero had made consistent complaints of neck and lower back pain since a motor vehicle accident in June of 1998, and through several subsequent incidents in 2011, 2012, 2013 (two incidents), 2014, 2015 and 2016.[FN2] In doing so, Seigel noted the results of an MRI performed in June 2013 of Tesiero's lumbar spine revealed a multi-level disc bulge and neural foraminal narrowing [*3]at L4-5 and L5-S1, which appeared similar to the postaccident findings and degenerative changes in the MRI performed on Tesiero's lumbar spine in July 2018. In performing a medical evaluation of Tesiero, Seigel observed a diminished range of motion in Tesiero's lumbar spine ranging between 14% and 20%, "subjective tenderness" over the lumbosacral spine, and a positive FABER on the left. Seigel then concluded his report by listing his findings/opinions as to the various injuries that Tesiero had claimed as being caused by the subject accident in numerical order, and then provided a short summary of related facts. Relevant here, Seigel only listed the lumbar spine injury but left blank the area where he would have listed his finding/opinion,[FN3] and then continued to the related facts by noting Tesiero had not complained of lumbar back pain on either emergency department visit and "[t]here [was] no objective evidence of lumbar radiculopathy on examination today."
Based on the foregoing, the proof offered by defendant in support of her motion for summary judgment failed to demonstrate, as a matter of law, that Tesiero did not sustain a serious injury under either the significant limitation of use or 90/180-day category. Notably, except for inconsequential injuries to the knee and wrist that were not alleged to be serious injuries, Seigel failed to offer an opinion whether any of the other injuries alleged by plaintiffs were causally related to the subject accident (see Seymour v Roe, 301 AD2d 991, 992 [3d Dept 2003]; Caron v Moore, 301 AD2d 942, 944 [3d Dept 2003]; compare Mesiti v Knight, 190 AD3d 1141, 1143-1144 [3d Dept 2021]). Seigel also failed to render an opinion as to the present nature of the lumbar spine injuries, which was and remains the central complaint that Tesiero sought treatment for in the nearly five years between the subject accident and Seigel's examination. It is not unnoticed, however, that Seigel's report from February 2023 was premised on only roughly 2½ years of that treatment, as he merely referenced treatment as ongoing but did not outline or offer an explanation as to the medical treatment provided to Tesiero after August 2020 — resulting in the omission of the entire course of treatment from Tesiero's pain management providers who had administered the steroidal injections and performed the nerve ablation procedures, which is fatal to defendant's motion (see Hubert v Tripaldi, 307 AD2d 692, 693 [3d Dept 2003]).
To the extent that excerpts of Seigel's report could be framed as suggesting Tesiero did not sustain a serious injury due to his preexisting back injuries, such inference is belied by the record. For instance, although Seigel objectively recorded diminished ranges of motion and a positive FABER test in the examination portion of his report — which, coupled with the postaccident imaging studies, supports plaintiffs' claim that Tesiero suffered a significant limitation of use of his lumbar spine — Seigel then arrived [*4]at the opposite conclusion in summarizing that he found no objective evidence of lumbosacral radiculopathy during his physical examination (see Kesick v Burns-Leader, 169 AD3d 1313, 1316 [3d Dept 2019] [holding that the defense medical examination findings — also of Seigel — submitted in support of the defendants' summary judgment motion revealed a diminished range of motion and "actually serve(d) to support" the plaintiff's serious injury claim]; see also Cohen v Bayer, 167 AD3d 1397, 1400-1401 [3d Dept 2018]). Similarly, Seigel also incorrectly stated that Tesiero did not complain of lower back pain in either emergency department visit, which is contradicted on the first page of the notes for each visit. Nor does Seigel discuss the significance of Tesiero's physical therapy, injections and nerve ablation procedures, each of which only commenced after the subject accident and not during Tesiero's extensive prior medical history (see Cohen v Bayer, 167 AD3d at 1400-1401; Madden v Dake, 30 AD3d 932, 936 [3d Dept 2006]; Hubert v Tripaldi, 307 AD2d at 693; Caron v Moore, 301 AD2d at 944).[FN4] There is also a lack of explanation as to the differences between Tesiero's June 2013 and July 2018 MRIs, other than rote repetition of the radiologist impressions in the section of Seigel's report relating to the lower back injury, which also did not address the impressions of the MRI performed in August 2019 that indicated a disc bulge with a central protrusion for apparently the first time. Furthermore, Seigel's report and the balance of defendant's motion failed to address Tesiero's detailed testimony of his usual and customary daily activities relating to his employment and personal life that — although he had certain preexisting back injuries — he was still able to participate in until the subject accident, after which he could no longer do.
To this point, despite compiling an extensive list of medical treatment occurring before the subject accident and a partial list of medical treatment after such accident, Seigel also "failed to adequately address [Tesiero's] condition or limitations within the first 180 days following the accident, which was necessary to foreclose the 90/180-day category of serious injury" (Williams v Ithaca Dispatch, Inc., 232 AD3d at 1167 [internal quotation marks and citations omitted]; see Harris v Vogler, 187 AD3d 1392, 1393 [3d Dept 2020]; see also Weber v Kalisky, 218 AD3d 629, 630 [2d Dept 2023]). Nevertheless, Tesiero's affidavit in opposition relating to his usual activities immediately after the subject accident and at the time of his deposition were unchallenged and would have raised a triable issue of fact under the 90/180-day category, if defendant had satisfied her moving burden — which she did not (see Harris v Vogler, 187 AD3d at 1394-1395). Accordingly, defendant was not entitled to summary judgment dismissing plaintiffs' claims of serious injury, and therefore it was an error to dismiss the complaint. We have examined [*5]the remaining contentions of the parties and have found them to be without merit or rendered academic.
Egan Jr., J.P., Reynolds Fitzgerald, Powers and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.

Footnotes

Footnote 1: Pursuant to an order entered upon stipulation, the action was dismissed against Castor and judgment in favor of plaintiffs on the issue of liability was granted against defendant.

Footnote 2: Seigel also acknowledged other incidents that did not indicate a neck or back injury but were still noteworthy, including a slip and fall accident and motorcycle crash.

Footnote 3: Seigel rendered six opinions as to the central injuries that Tesiero claimed he sustained in the accident. With the exception of the lumbosacral spine, Seigel found each of the injuries to have either resolved or to have not been injured in the subject accident. Seigel, however, offered no conclusion as to his finding/opinion for this alleged injury in support of defendant's motion.

Footnote 4: Seigel acknowledged that Tesiero testified he may have had an injection for one of the prior injuries, but that Tesiero was not certain when.