Felipe v State of New York (2025 NY Slip Op 05853)

Felipe v State of New York

2025 NY Slip Op 05853

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

CV-24-0461
[*1]Juan Felipe, Appellant,
v
State of New York, Respondent.

Calendar Date:September 9, 2025

Before:Garry, P.J., Aarons, Fisher, McShan and Mackey, JJ.

Gash & Associates, PC, White Plains (Arnold E. DiJoseph III of Arnold E. DiJoseph, PC, New York City, of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Fisher, J.
Appeal from an order of the Court of Claims (W. Brooks DeBow, J.), entered January 8, 2024, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.
In June 2022, claimant was injured in a five-car pile-up on Interstate 80 in Bergen County, New Jersey. It is undisputed that claimant's vehicle — the fourth vehicle — was rear-ended by an SUV — the fifth vehicle — which is owned by defendant. In July 2023, claimant moved for permission to file a late claim, arguing, among other things, that he was receiving medical treatment for his injuries during the 90-day window to file a claim. Defendant opposed, arguing, among other things, that claimant failed to demonstrate he suffered a "serious injury" within the meaning of Insurance Law § 5102 (d) and that the purported excuse for the delay did not constitute a reasonable excuse. The Court of Claims denied claimant's motion, concluding, although four of the six factors weighed in favor of claimant, that the claim lacked the appearance of merit and claimant lacked a reasonable excuse for the delay. Claimant appeals.
In determining whether to grant an application for leave to serve a late notice of claim, a court must consider various factors, including, as relevant here, whether the claim appears to be meritorious and whether the claimant has shown a reasonable excuse for the delay (see Court of Claims Act § 10 [6]; Matter of Cook v Maine-Endwell Cent. Sch. Dist., 236 AD3d 1167, 1168 [3d Dept 2025]). "A claim has the appearance of merit so long as it is not patently groundless, frivolous or legally defective, and the record as a whole gives reasonable cause to believe that a valid cause of action exists" (Calverley v State of New York, 187 AD3d 1426, 1427 [3d Dept 2020] [internal quotation marks, ellipses, brackets and citations omitted]). "The decision whether to grant such a motion lies within the broad discretion of the Court of Claims and should not be disturbed absent a clear abuse of that discretion" (Grasse v State of New York, 228 AD3d 1028, 1029 [3d Dept 2024] [internal quotation marks and citations omitted]).
Upon our review of the record, we cannot say that the claim raised is patently groundless, frivolous or legally defective. The subject accident was a chain reaction/pile-up wreck, whereby claimant was rear-ended by defendant's vehicle, and therefore the facts establish a rebuttable presumption of negligence against defendant (see Kesick v Burns-Leader, 169 AD3d 1313, 1314 [3d Dept 2019]). As to whether claimant sustained a "serious injury" as defined by Insurance Law § 5102 (d), the medical records offered in support of his motion contained objective evidence in the form of imaging studies that revealed claimant sustained a central disc herniation, bulging disc in his lower back and a tear of the distal anterior cruciate ligament in his knee (see Tesiero v Castor, 239 AD3d 1160, 1164 [3d Dept 2025]). As a result of his injuries, claimant [*2]was listed as "[t]otally [d]isabled" and unable to return to work until February 2023 — well beyond the first 180 days following an accident, which measures the 90/180 category of a serious injury (see generally Harris v Vogler, 187 AD3d 1392, 1393 [3d Dept 2020]). Although claimant may ultimately be unsuccessful in establishing either liability (see Appollonia v Bonse, 92 AD3d 1170, 1171-1172 [3d Dept 2012]) or a serious injury despite the objectively confirmed injuries leading his treating providers to consider him to be totally disabled (see Williams v Ithaca Dispatch, Inc., 232 AD3d 1165, 1169 [3d Dept 2024]), we cannot say, at this stage in the proceedings, that his claim appears to lack merit (see Calverley v State of New York, 187 AD3d at 1428). Further, since defendant does not challenge on appeal the other four grounds that the Court of Claims found to be in favor of claimant, we do not need to consider whether claimant "offered a reasonable excuse for the delay, as even where proof on that factor fails, such a defect will not be deemed fatal where it is established that the [defendant] had actual knowledge of the essential facts underlying the claim and there has otherwise been no compelling demonstration of prejudice" (Matter of Cook v Maine-Endwell Cent. Sch. Dist., 236 AD3d at 1170 [internal quotation marks and citation omitted]). Accordingly, the Court of Claims should have granted claimant's motion to file a late claim.
Garry, P.J., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and claimant's application for permission to file a late claim is granted.